```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**ANGELA WILMINK,**

    Plaintiff

v.　　　　　　　　　　　　　　　Civil Action No. 2:03-0179

**KANAWHA COUNTY BOARD
OF EDUCATION and
DAVID GILLISPIE**

    Defendants

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is plaintiff's second renewed motion to seal, filed February 10, 2006.

I.

On July 25, 2005, plaintiff's counsel moved to seal certain documents. As noted in the court's order entered October 7, 2005, the motion was accompanied by a package of proposed documents for sealing ("packaged documents"), and plaintiff's response to defendants' motion for summary judgment ("response brief"). The court directed the clerk to file both the motion to seal and the response brief. The clerk was further directed to docket and file under seal the packaged documents pending the court's examination pursuant to controlling precedent. <u>See</u> <u>The</u>

<u>Baltimore Sun Co. v. Goetz</u>, 886 F.2d 60 (4th Cir. 1989); <u>In re Washington Post Co.</u>, 807 F.2d 383 (4th Cir. 1986); <u>In re The Knight Pub. Co.</u>, 743 F.2d 231 (4th Cir. 1984).

The October 7, 2005, order also provided interested parties notice of the sealing request and further allowed comment until October 21, 2005.  To date, no comments have been received.

The court's initial inspection of the packaged documents revealed some that were plainly in the public domain.  The sealing request was thus deemed overbroad on its face and plaintiff was permitted to file a revised motion to seal, if she so desired.

Plaintiff filed the renewed motion to seal ("renewed motion"), conceding that 20% of the packaged documents were "clearly not appropriate for sealing under any circumstances . . . ."  (Pl.'s Renewed Mot. to Seal at 1).  That 20% was resubmitted with the renewed motion as part of an unsealed exhibit volume ("unsealed packaged documents").  Also submitted with the renewed motion was the packaged documents, less the omitted 20% ("revised packaged documents").  In a January 20, 2006, memorandum order, the court set forth in detail the shortcomings of plaintiff's request, along with the demanding

2

prerequisites for obtaining a sealing order under either the First Amendment or common-law rights of access. The court observed additionally as follows:

> The court would note . . . that the revised motion fails to discuss other, seemingly appropriate options short of sealing all of the revised packaged documents in their entirety. For example, one ponders why redaction of identifying material might not remedy the privacy concerns.

<u>Wilmink v. Kanawha County Bd. of Educ.</u>, No. 2:03-0179, slip op. at 13 n.2 (S.D. W. Va. Jan. 20, 2006)(filed under seal). The court denied the renewed motion at that time, concluding plaintiff had "fallen far short of her burden to demonstrate the propriety of a sealing order." <u>Id.</u> at 13.

On February 10, 2006, plaintiff filed the instant, second renewed motion to seal. The motion represents a substantial narrowing of the documentary evidence previously offered for sealing. According to plaintiff, she is "resubmitting with this pleading a single volume of exhibits, lettered A through T, on which Plaintiff's [c]ounsel has by the use of a black magic marker redacted information." (Pl.'s Renew. Mot. at 1). She further asserts as follows:

> With a single exception, the redacted material consists of the names or other identifying information (address, phone, social security number, date of birth) of persons who were identified as victims, or potential victims of sexual abuse. The only person whose

3

> identity has been concealed, who was not a victim of sexual abuse, is the former spouse of Donald R. Lucas, who resides in another state and has remarried. This person's name and identifying material was redacted because, in the course of her deposition, the woman expressed a very strong desire never to be forced to revisit the issues presented to her in her deposition.
>
> Plaintiff's primary concern in redacting identities is to avoid the totally unnecessary emotional pain that all of these persons have expressed, repeatedly and without equivocation, regarding their desire to maintain privacy.

Id. at 1-2.

## II.

As noted by the court in its January 20, 2006, memorandum order "[p]ublicity of [court] . . . records . . . is necessary in the long run so that the public can judge the product of the courts in a given case." Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000). The right of public access to court documents derives from two separate sources: the common law and the First Amendment. The common law right affords presumptive access to all judicial records and documents. Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978); Stone v. University of Md. Medical Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988). Submitted documents within the common law right may be sealed, however, if

4

competing interests outweigh the public's right of access. Nixon, 435 U.S. at 598-99, 602-03; In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984). Quoting Knight, our court of appeals observed recently as follows:

> Some of the factors to be weighed in the common law balancing test "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records."

Virginia Dept. of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004) (quoting Knight, 743 F.2d at 235).

The First Amendment right of access has a more limited scope than the common law right, having only "been extended . . . to particular judicial records and documents." Stone, 855 F.2d at 180. The First Amendment right of access attaches if: (1) "the place and process have historically been open to the press and general public"; and (2) "public access plays a significant positive role in the functioning of the particular process in question." Press- Enterprise Co. v. Superior Court, 478 U.S. 1, 8-9 (1986) (quoted in The Baltimore Sun Co. v. Goetz, 886 F.2d 60, 64 (4th Cir. 1989)).

The First Amendment right of access, however, provides much greater protection to the public's right to know than the common law right.  To avoid disclosure under the First Amendment right of access, the movant must show "the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest."  <u>Globe Newspaper Co. v. Superior Court</u>, 457 U.S. 596, 606-07 (1982); <u>Press-Enterprise Co.</u>, 478 U.S. at 15; <u>Virginia</u>, 386 F.3d at 573; <u>Stone</u>, 855 F.2d at 180.

Plaintiff has made the necessary showing under both the common-law and First Amendment rights of access.  The very limited redaction plaintiff offers is precisely the type of narrowly tailored request our court of appeals has encouraged.  The redacted names and identifying information here serve no useful public or investigative purpose.  The events described in the documents represent some of the most painful chapters in the lives of the individuals whose information has been redacted.  As a result, the competing interest of keeping this information private significantly outweighs the public's common-law right of access.

Further, the privacy interests at stake support a compelling governmental interest in shielding the information

from the First Amendment right of access.  If individuals are assured their identities will be protected in situations like those at issue in this and related cases, they are more likely to come forward and candidly recount their experiences.  This facilitates both the removal, and prosecution, of dangerous and active sexual predators employed in positions of public trust.  The court, accordingly, grants plaintiff's second renewed motion to seal.[1]

One issue remains, however, prior to opening redacted exhibits A through T for public inspection.  In the January 20, 2006, order, the court observed as follows:

> [T]he court lacks an appreciation of the interests of the . . . records custodians in the documents for which a sealing order is sought.  As to each, plaintiff must, at a minimum, (1) advise the affected party of the potential for public disclosure if sealing is denied, and (2) their right to submit to plaintiff's counsel a written explanation, if any exists, as to why they request continued confidentiality.  These parties might also be advised of their right to intervene in this

---

[1] As noted, the original copies of exhibits A through T submitted by plaintiff were redacted with a magic marker.  In reviewing the exhibits, the court noticed the redacted portions were, upon careful scrutiny, yet visible. By copying the original exhibits at a higher density level, the previously visible redactions are now unviewable.  The copied exhibits will thus be provided to the clerk at the appropriate time for public inspection as provided for in this memorandum order.  The court directs that the original documents be filed under seal to permit a reviewing court or other authorized individual to examine the unredacted portions of the exhibits.

action if warranted and necessary.

**Id.** at 11.[2]

A number of the redacted exhibits were apparently received from the Kanawha County Board of Education, the West Virginia Department of Education, the West Virginia State Police, or the Prosecutor of Kanawha County.  These custodians, however, have not offered their views on the propriety of publishing the redacted documents.  In order to accord these entities notice of the impending publication of the redacted exhibits and an opportunity to be heard, the court will deposit the redacted exhibits with the Clerk for inspection by the entities' authorized representatives.  These representatives may review the documents during regular business hours and, if they so desire, show cause in writing no later than March 16, 2006, why the redacted exhibits originally in their custody should not be published.  Any such response must take into account the standards governing sealing requests in this circuit.

---

[2]It does not appear plaintiff has contacted the records custodians as directed by the January 20, 2006, order.  Although he does not mention the custodians specifically, plaintiff's counsel candidly concedes he "has not communicated directly with each and every one of the former victims, many of whom are not known to" him.  (Pl.'s Renew. Mot. at 5).  It is for this reason that the court has crafted the procedure that follows in the body.  As noted, the custodians should receive notice and an opportunity to respond concerning the disposition of those documents originally in their possession and control.

Based upon the foregoing discussion, the court ORDERS as follows:

1. That plaintiff's second renewed motion to seal be, and it hereby is, granted;

2. That the original copies of exhibits A through T submitted by plaintiff on February 10, 2006, be, and they hereby are, filed under seal;

3. That redacted exhibits A through T be, and they hereby are, filed under seal pending further order;

4. That the authorized representatives of the aforementioned custodians may review redacted exhibits A through T during regular business hours in the Clerk's office through March 9, 2006;

5. That the aforementioned custodians may respond, if at all, to this order no later than March 16, 2006; and

6. That, absent such a response, the court will enter a further order placing redacted exhibits A through T on the docket for public inspection.

The Clerk is directed to forward copies of this written opinion and order forthwith to all counsel of record and to the following individuals:

> Ms. Heather Deskins
> General Counsel
> West Virginia Dept. of Education
> Building 6, Room 362
> 1900 Kanawha Boulevard E.
> Charleston, WV 25305-0330
>
> William J. Charnock
> Prosecutor, Kanawha County
> The Geary Plaza, Fourth Floor
> 700 Washington Street E.
> Charleston, WV 25301
>
> John A. Hoyer
> Assistant Attorney General
> Legal Division
> West Virginia State Police
> 725 Jefferson Road
> S. Charleston, WV 25309

DATED: February 23, 2006

John T. Copenhaver, Jr.
United States District Judge