```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**ANGELA WILMINK,**

    Plaintiff

v.                                    Civil Action No. 2:03-0179

**KANAWHA COUNTY BOARD**
**OF EDUCATION and**
**DAVID GILLISPIE,**

    Defendants

## MEMORANDUM OPINION AND ORDER

Pending is (1) the July 11, 2005, motion for summary judgment filed by the Kanawha County Board of Education and David Gillispie, and (2) the July 25, 2005, motion to extend the discovery period filed by plaintiff.

I.

Plaintiff Angela Wilmink attended Washington Junior High School in Kanawha County, West Virginia in the mid-1980s. (Compl. at ¶ 5.) Defendant Dennis Osborne ("Osborne") coached and taught at the school. (Id. at ¶ 4.) Defendant David Gillispie ("Gillispie") served as the principal. (Id.) In or around 1984, when plaintiff was thirteen (13) years old, Osborne asked her to kiss him on the cheek. (Id. at ¶ 6.) When

plaintiff approached Osborne, he grabbed her hair, forced her to the ground, jumped on top of her, and attempted to stick his tongue in her mouth. (Id.)

Plaintiff escaped by kicking Osborne. (Id.) She immediately ran home and told her aunt of the incident. (Id.) Plaintiff also advised her mother, Darlene Kay Bell ("Bell"), of the assault after Bell discovered her sobbing that night. (Id.) Upon inspection, Bell noticed some of plaintiff's hair had been pulled out and that she had a knot on her head. (Id.)

Plaintiff alleges Bell called Gillispie the next day, informing him of Osborne's "sexual aggression towards minor females." (Id. at ¶ 7.) Gillispie guaranteed Bell the incident would not recur. (Id.) Gillispie also removed plaintiff from Osborne's class for the remainder of the year. (Id.)

On March 4, 2003, plaintiff initiated this action. In response to the earlier motions to dismiss, she illuminated her claims:

> Count I: A § 1983 claim under the Fourteenth Amendment for violation of her right to bodily integrity;
>
> Count II: A claim under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681, et seq. ("Title IX") and the West Virginia Human Rights Act ("WVHRA"), West Virginia Code § 5-11-9, for violation of the right to an education free of sexual harassment by teachers;

2

<u>Count III</u>: A claim of aiding and abetting, retaliation and coercion in violation of Title IX and the WVHRA;

<u>Count IV</u>: A claim for outrage and invasion of privacy;

<u>Count V</u>:  A claim for assault;

<u>Count VI</u>: A claim for breach of trust;

<u>Count VII</u>: A claim for negligent hiring, supervision and retention; and

<u>Count VIII</u>: Punitive damages.

On April 16, 2003, Osborne moved to dismiss, asserting plaintiff's claims were barred by the applicable limitations period.  On April 23, 2003, the Board and Gillispie likewise moved on limitations grounds and further asserted (1) Gillispie was improperly served, (2) Gillispie is immune from personal tort liability, (3) the Board is immune from suit for employee intentional acts; (4) the Board is not liable for mere negligence; and (5) the Board is not subject to punitive damages.

In its January 19, 2005, order concerning the motion to dismiss, the court noted plaintiff's allegation:

> that a reasonable opportunity for discovery will
> corroborate the position that for years prior to the
> 1984 incident Defendant KANAWHA COUNTY BOARD OF
> EDUCATION was fully aware of Defendant OSBORNE's
> proclivity to sexually harass and/or assault minor
> female students and were [sic] deliberately indifferent
> to that fact.  This belief is supported by evidence
> that the Defendant school board knowingly and
> intentionally covered up his activities to the maximum

>   extent possible and, when that was not possible,
>   intentionally understating [sic] the character of
>   Defendant OSBORNE's sexual deviation in order to
>   continue his employment for which they knew he was
>   totally unsuited.

(Compl. ¶ 10.)

This allegation was coupled with (1) disturbing instances where Gillespie ostensibly minimized or suppressed Osborne's misconduct post-dating the incident, (2) Gillespie's supervision of Osborne since at least 1976, and (3) Gillespie arguably ignoring the assault on plaintiff when confronted by Bell shortly after the incident.

The court concluded plaintiff adequately alleged the Board and Gillispie fraudulently concealed material facts and that such allegations merited investigation through limited, statute-of-limitations discovery.  Specifically, plaintiff was ultimately granted a five (5) month period of discovery to substantiate her fraudulent concealment allegations.  The discovery requests were limited necessarily to events occurring prior to the circumstances giving rise to plaintiff's claims in this action.

The limited discovery has concluded.  Defendants now move anew for summary judgment.

II.

A.   Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those necessary to establish the elements of a party's cause of action.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id.  The moving party has the burden of showing -- "that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  If the movant satisfies this burden, then the non-movant must set forth specific facts as would be admissible in evidence that demonstrate the existence of a genuine issue of

fact for trial.  Fed. R. Civ. P. 56(c); Id. at 322-23.  A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant.  Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party.  Anderson, 477 U.S. at 248.  Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute.  Overstreet v. Kentucky Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991).

A court must neither resolve disputed facts nor weigh the evidence, Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility.  Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986).  Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor.  Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979).  Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

B.  Motion for Additional Discovery

Plaintiff moves initially for additional discovery. The court notes the five (5) month period of discovery it permitted on the narrow question presented here is nearly equivalent to that which is routinely allotted for general discovery in the usual civil case.  Further, plaintiff offers no reasonable forecast that additional discovery will assist her cause.  The court, accordingly, ORDERS that the motion for additional discovery be, and it hereby is, denied.

C.  The Governing Limitations Law

Although the court previously discussed the governing law in its January 19, 2005, order, it is recounted here to provide context.

Two limitation provisions are relevant.  West Virginia Code section 55-2-12 provides that an action for personal injuries must be brought within two years after accrual.  See W. Va. Code § 55-2-12(b).  West Virginia Code section 55-2-15 extends the applicable limitation period by two years following majority if the injured party is a minor at the time of accrual. See id. § 55-2-15.[1]

---

[1]The court noted in its January 19, 2005, order that neither
(continued...)

The limitations issues raised by these two statutes, as they relate to this case, are controlled by <u>Miller v. Monongalia County Board of Education</u>, 210 W. Va. 147, 556 S.E.2d 427 (2001). Plaintiff concedes <u>Miller</u> is "virtually identical to the present case . . . involving . . . sexual abuse of a student . . . where the complaint was filed after the two-year statute of limitations . . . but before the [running of the] twenty-year statute of repose." (Pl.'s Init. Resp. at 8.) In Syllabus Point 4 of <u>Miller</u>, the supreme court of appeals states:

> The general statute of limitations contained in W.Va.Code § 55-2-12(b) is tolled with respect to an <u>undiscovered wrongdoer by virtue of fraudulent concealment when the cause of action accrues during a victim's infancy and the injured person alleges in his or her complaint that the wrongdoer fraudulently concealed material facts.</u> The statute begins to run when the injured person knows, or by the exercise of reasonable diligence should know, the nature of his or her injury, and determining that point in time is a question of fact for the jury. However, pursuant to W.Va.Code § 55-2-15, no case may be brought after twenty years from the time the right accrues.

<u>Id.</u> at 148, 556 S.E.2d at 428 (emphasis added). <u>Miller</u> holds that "'fraudulent concealment requires that the defendant commit

---

[1](...continued)
party suggested these statutes were inappropriate for borrowing purposes with respect to plaintiff's federal claims. Since that time, and including the present briefing, plaintiff has never suggested another applicable limitation period and/or tolling rule, except as discussed <u>infra</u>, for any of her claims beyond these provisions cited by the court.

some positive act tending to conceal the cause of action from the plaintiff, although any word or act [or omission] tending to suppress the truth is enough.'" Id. at 151, 556 S.E.2d at 431 (alteration in original)(quoting Richards v. Mileski, 662 F.2d 65, 70 (D.C. Cir. 1981)(citation omitted)).

In Miller, the supreme court of appeals noted plaintiff's allegation that:

> [T]he Board had actual or constructive notice that McIntosh was a sexual predator who was engaging in inappropriate sexual conduct with female school children. She alleged that the Board had reasonable cause to suspect that, prior to becoming a victim herself, another child was being abused by McIntosh but the Board failed to report the abuse to the appropriate officials or to take any action to stop McIntosh. She also alleged that the Board fraudulently concealed material facts regarding its own involvement in and knowledge of the sexual misconduct of McIntosh in an effort to prevent the victims from instituting civil actions. We believe these allegations are sufficient to withstand the motion to dismiss based upon the statute of limitations.
>
> Let us reiterate that Miller, the victim in this case, clearly asserted in her complaint that the Board engaged in conduct amounting to active and purposeful fraudulent concealment.
>
>   . . . .
>
> Miller's complaint . . . alleg[ed] . . . fraudulent concealment sufficient to invoke . . . tolling . . . .

Id.

As the court previously observed, "The mere incantation of 'fraudulent concealment,' of course, is insufficient to invoke <u>Miller</u>. Where a plaintiff alleges specific acts suggestive of concealment in proximity to the injuries she suffered, however, <u>Miller</u> requires further inquiry." <u>Wilmink v. Kanawha County Board of Educ.</u>, No. 2:03-0179, slip op. at 13 (S.D. W. Va. Jan. 19, 2005).

D.   Outcome of Limited Discovery

Plaintiff points to a number of facts she finds supportive of her position that defendants fraudulently concealed facts sufficient to toll the applicable limitations period. First, plaintiff contends that, had she gone forward in a timely manner, her father, who suffered from post traumatic stress disorder, would have harmed Osborne. Although unfortunate, this contention is insufficient to demonstrate fraudulent concealment by the defendants.

Second, plaintiff points to Donald Lucas, a fellow teacher with Osborne who later pled guilty to a single count of sexual abuse of a minor female. Although plaintiff asserts Lucas has asserted his Fifth Amendment privilege against testifying in

10

this case, she has moved the Circuit Court of Kanawha County to provide Lucas immunity from further prosecution sufficient to permit his testimony.  An employee of the presiding circuit judge has indicated to plaintiff's counsel that the motion will be denied and plaintiff seeks a stay pending the outcome of her appeal.  Assuming the appeal is successful, there is no indication Lucas would testify in a manner aiding plaintiff on the fraudulent concealment allegations.  Absent such a showing, the court declines to stay this action.[2]

Third, plaintiff offers a lengthy discussion of "Discovery in Related Cases[.]"  (Pl.'s Resp. at 5.)  Much of this discussion, however, relates not to Osborne but rather to Lucas.  Further, it does nothing to support the fraudulent concealment allegations in this action.

Fourth, plaintiff contends that when Bell reported her daughter's assault to Linda Nelson, a reading teacher, Nelson recounted a disturbing incident involving Osborne that occurred prior to the assault on plaintiff.  Specifically, Bell contends

---

[2]Plaintiff also points to indications that Gillespie was aware of, and suppressed, knowledge of sexual abuse by Lucas at the school.  This information, however, does not constitute evidence that Gillespie did likewise with any information that came into his possession concerning Osborne.

**Nelson told her of an occasion where a student was on a ladder and Nelson "saw him try to slide his hand up the back of the kid's short[s] leg." (Dep. of Darlene Kay Bell at 37.) This evidence is insufficient for fraudulent concealment purposes. First, Ms. Nelson now denies ever witnessing Osborne touch a female student in an inappropriate manner. (Dep. of Linda Gail Nelson at 15.) Second, assuming the bona fides of Bell's recollection, as the court must, there is no indication Ms. Nelson reported the event to anyone in a supervisory capacity.[3]**

---

[3]**West Virginia Code section 49-6A-2 provides as follows:**

**When any . . . school teacher or other school personnel . . . has reasonable cause to suspect that a child is neglected or abused or observes the child being subjected to conditions that are likely to result in abuse or neglect, such person shall immediately, and not more than forty-eight hours after suspecting this abuse, report the circumstances or cause a report to be made to the state department of human services: Provided, That in any case where the reporter believes that the child suffered serious physical abuse or sexual abuse or sexual assault, the reporter shall also immediately report, or cause a report to be made, to the division of public safety and any law-enforcement agency having jurisdiction to investigate the complaint: Provided, however, That any person required to report under this article who is a member of the staff of a . . . school . . . shall immediately notify the person in charge of such . . . school . . . who shall report or cause a report to be made. . . .**

**W. Va. Code § 49-6A-2. Based upon this statute, plaintiff contends that Bell's testimony concerning Nelson's knowledge of the prior touching incident by Osborne was "sufficient to put**

(continued...)

Fifth, plaintiff asserts that, in the early 1970s, the Board dismissed Osborne for sexual misconduct with a female parent of a student. Assuming the truth of that contention, the fact that the misconduct involved an adult would not tend to place the Board on notice, much less indicate its suppression, of evidence that Osborne might assault minor females in his charge.

Sixth, plaintiff contends Gillispie concealed at least four (4) incidents of sexual harassment by Osborne of minor students between September and December 1997. Again, however, the time frame of these incidents, coming over twelve (12) years after the incident with plaintiff, lends no assistance to plaintiff's fraudulent concealment argument.

Seventh, plaintiff contends the limitations period should be tolled because she was subject to a continuing tort, namely a conspiracy by defendants to conceal evidence of sexual misconduct by Board employees generally. If plaintiff were permitted leave to amend and add such a claim, it would prove futile. The most obvious flaw in the conspiracy claim is the absence of evidence that this case has any link to it. As

---

[3](...continued)
KCBE on notice of Osborne's tendency to . . . abuse minor female children." This contention is misplaced. There is no evidence Nelson reported the incident as required by the statute.

observed in the foregoing discussion, no facts have been offered to indicate that school authorities had any reason to believe that Osborne posed a threat to minor female children prior to 1984, much less that they concealed such.

Plaintiff's remaining factual assertions likewise fail, as a matter of law, to demonstrate fraudulent concealment. Defendants contend "[p]laintiff has failed to produce a shred of evidence that the Board or Gillespie had any reason to believe that Osborne would engage in inappropriate sexual conduct with minor female school children before the Plaintiff's alleged sexual assault in 1984." (Defs.' Memo. in Supp. at 6.) The foregoing discussion supports that conclusion. The court, accordingly, ORDERS that defendants' motion for summary judgment be, and it hereby is, granted.

### III.

Based upon the foregoing discussion, the court ORDERS as follows:

1. That plaintiff's motion for additional discovery be, and it hereby is, denied; and

>    2.   That defendants' motion for summary judgment be, and it
>         hereby is, granted.

The Clerk is directed to forward copies of this order to all counsel of record.

>                              DATED:  March 24, 2006
>
>                              _____
>                              John T. Copenhaver, Jr.
>                              United States District Judge